**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

KALI REIS
    Plaintiff,

      v.　　　　　　　　　　　　　　　　　C.A. No. 15-423-ML

JIM LOMBARDI, individually and in
his official capacity;
CITY OF PROVIDENCE,
PROVIDENCE POLICE DEPARTMENT,
GREGORY DANIELS, Individually and in his official capacity
RHODE ISLAND
UNKNOWN PROVIDENCE POLICE Officers,
individually and in their official capacities;
UNKNOWN Providence Police ADMINISTRATORS,
individually and in their official capacities
    Defendants

**ORDER**

On March 16, 2016, Magistrate Judge Sullivan issued a Report and Recommendation ("R&R")(Dkt. No. 27) in this § 1983 case, in which she recommends that the motion by Defendant Providence Police Department ("PPD") Chief Hugh Clements ("Chief Clements") to dismiss the second amended complaint[1] (the "Complaint") be denied. On April 1, 2016, Chief Clements filed an objection, in which he asserts, *inter alia*, that the Plaintiff failed to plead sufficient facts to show (1) that Chief Clements had or should have had knowledge of the acts of Officer Gregory Daniels ("Officer Daniels"), and (2) deliberate indifference by Chief Clements. (Dkt.

---

[1] Although Chief Clements' motion to dismiss was directed against the first amended complaint, the parties subsequently agreed that the motion applied to the second amended complaint. Stipulation (Dkt. No. 25).

1

No. 32). Chief Clements asserts that the Complaint is deficient in that it never alleges any overlap in employment between Chief Clements and Officer Daniels; that it cannot be determined from the face of the Complaint whether Chief Clements and Officer Daniels ever worked concurrently, and if so, for how long; and that, generally, the Complaint fails to explicitly point to any date or time period of employment for Chief Clements. Def.'s Obj. at 4-5. Chief Clements also suggests that, based on the face of the Complaint, he "could not possibly have knowledge of facts that would allow him to draw an inference of the existence of substantial risk of serious harm to the community." Id. at 6.

The Complaint, however, includes allegations that (1) at the time of the events at issue, there had been a longstanding investigation into misconduct and an ongoing pattern of abuse by Officer Daniels; (2) since 2001, the PPD's supervisory officials, including chiefs, have known of Officer Daniels' history of abuse and misconduct; (3) Officer Daniels' misconduct extended to Officer Daniels' misconduct has been the subject of hearings; (5) PPD supervisory officials, including chiefs, have provided testimony at such hearings; (6) Officer Daniels' conduct has been the subject of media reports, administrative and disciplinary hearings; and (7) despite having knowledge of Officer Daniels' conduct and the complaints brought against him, Chief Clements and others placed the public at a substantial risk of harm by allowing Officer

Daniels to remain in the field. Complaint at 7-8.

Although, as noted in the R&R, the Complaint includes no allegations that Chief Clements was directly involved with the events that underlie this lawsuit, the Court is of the opinion that the facts asserted in the Complaint, when viewed in the light most favorable to the non-moving party, are sufficient to withstand the Rule 12(b)(6) motion.

For those reasons and for the reasons set forth in the R&R, the R&R is adopted and Chief Clement's motion to dismiss the Complaint is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Senior United States District Judge
April 21, 2016